# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------
CHERYL BROWN,

                        Plaintiff,

   -against-

MARSHALLS OF MA, INC. and THE TJX
COMPANIES, INC.,

                    Defendant(s),
------------------------------------------

Index No.: 58392/2022
DATE OF PURCHASE: 3/30/22
Plaintiff(s) designates
Westchester County as the place
of trial.

The basis of venue is
Plaintiff's residence

**SUMMONS**

Plaintiff(s) reside at
280 Tarrytown Road
White Plains, N.Y. 10603
County of Westchester

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED: March 30, 2022

Defendant's Address:

BOTH DEFENDANTS: via Secretary of State

**MARK EDWARD GOLDBERG**
Attorney for Plaintiff(s)
Office and P.O. Address
130 North Main Street
Port Chester, N.Y. 10573
(914) 690-0800
File No.: 3541

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------
CHERYL BROWN,

                Plaintiff,

INDEX NO.: 58392/2022

-against-

**VERIFIED COMPLAINT**

MARSHALLS OF MA, INC. and THE TJX
COMPANIES, INC.,

                Defendants,
-------------------------------------------

    Plaintiff, CHERYL BROWN, by her attorney, MARK EDWARD GOLDBERG, as and for her Verified Complaint, respectfully sets forth and alleges upon information and belief the following:

    1. At all times hereinafter mentioned, Plaintiff was and is a resident of the County of Westchester and State of New York.

    2. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA, INC. (hereinafter referred to as "MARSHALLS OF MA"), was and is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

    3. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA was and is foreign corporation duly authorized to conduct in the State of New York.

    4. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA was and is doing business as MARSHALLS at 221 N. Central Avenue, Hartsdale, New York.

    5. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA was a lessee at 221 N. Central Avenue, Hartsdale, New York.

    6. At all times hereinafter mentioned, Defendant, THE TJX COMPANIES, INC. (hereinafter referred to as "TJX"), was and is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

1

7. At all times hereinafter mentioned, Defendant, TJX was and is a foreign corporation duly authorized to conduct in the State of New York.

8. At all times hereinafter mentioned, Defendant, TJX was and is doing business as MARSHALLS at 221 N. Central Avenue, Hartsdale, New York.

9. At all times hereinafter mentioned, Defendant, TJX was a lessee at 221 N. Central Avenue, Hartsdale, New York.

10. At all times hereinafter mentioned, Defendant, TJX owned the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

11. At all times hereinafter mentioned, Defendant, TJX operated the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

12. At all times hereinafter mentioned, Defendant, TJX maintained the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

13. At all times hereinafter mentioned, Defendant, TJX controlled the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

14. At all times hereinafter mentioned, Defendant, MARSHALLLS OF MA owned the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

15. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA operated the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

16. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA maintained the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

17. At all times hereinafter mentioned, Defendant, MARSHALLS OF MA

2

controlled the Marshalls store located at 221 N. Central Avenue, Hartsdale, New York.

18. At all times hereinafter mentioned, the MARSHALLS store located at 221 N. Central Avenue, Hartsdale, New York was a store opened to the public in which clothing, shoes, furniture and other items were sold.

19. On or about June 9, 2021 Defendant, TJX had certain displays of located within the MARSHALLS store located at 221 N. Central Avenue, Hartsdale, New York which were akin to table tops without legs lying on the floor with merchandise located on top of the table tops.

20. On or about June 9, 2021 Defendant, MARSHALLS OF MA had certain displays located within the MARSHALLS store located at 221 N. Central Avenue, Hartsdale, New York which were akin to table tops without legs lying on the floor with merchandise located on top of the table tops.

21. At all times hereinafter mentioned, Plaintiff, CHERYL BROWN, was lawfully upon the premises located at 221 N. Central Avenue, Hartsdale, New York.

22. On or about June 9, 2021 while Plaintiff, CHERYL BROWN, was walking through the MARSHALLS store located at 221 N. Central Avenue, Hartsdale, New York she was caused to trip and fall on one of the displays that were akin to a table top without legs lying on the floor causing Plaintiff, CHERYL BROWN, to sustain the personal injuries hereinafter alleged.

23. Prior to the accident complained of herein Defendant, MARSHALLS OF MA, it's owners, agents, contractors and/or employees permitted the aforementioned display to exist on the floor of said store and failed or refused to prevent and/or improperly and inadequately prevented said condition from existing on said floor until such time as Plaintiff, CHERYL BROWN, tripped and fell on said display causing said

3

Plaintiff to sustain the personal injuries hereinafter alleged.

24. Prior to the accident complained of herein Defendant, TJX, it's owners, agents, contractors and/or employees permitted the aforementioned display to exist on the floor of said store and failed or refused to prevent and/or improperly and inadequately prevented said condition from existing on said floor until such time as Plaintiff, CHERYL BROWN, tripped and fell on said display causing said Plaintiff to sustain the personal injuries hereinafter alleged.

25. Defendant, MARSHALLS OF MA, by it's owners, agents, contractors and/or employees had prior notice of the aforesaid display on the floor of the MARSHALL store prior to Plaintiff sustaining the injuries alleged herein.

26. Defendant, TJX, by it's owners, agents, contractors and/or employees had prior notice of the aforesaid display on the floor of the MARSHALL store prior to Plaintiff sustaining the injuries alleged herein.

27. That the occurrence complained of herein was the result of the negligence, carelessness, and recklessness of the Defendant, MARSHALLS OF MA it's owners, agents, contractors and/or employees, with no negligence on the part of Plaintiff contributing thereto.

28. That the occurrence complained of herein was the result of the negligence, carelessness, and recklessness of the Defendant, TJX it's owners, agents, contractors and/or employees, with no negligence on the part of Plaintiff contributing thereto.

29. That in addition to the foregoing, Defendants, their agents, servants, contractors and/or employees were negligent in among other things, the following: the ownership of the aforesaid premises; the operation of the aforesaid premises; the control of the aforesaid

4

premises; the maintenance of the aforesaid premises; the management of the aforesaid premises; in placing and/or permitting a display which was akin to a table top without legs and partially covered with merchandise to be and/or remain on the floor of the aforesaid MARSHALLS store; in permitting said display to be on the floor when the color of said display was similar to the color of the floor making the edges which protruded beyond the border of the merchandise on top of it hard to see; in then covering much of the display with merchandise which left exposed only a portion of the perimeter of the display making it hard to see it's edges; in permitting said display to exist in such a location in such a manner that the outer edges of the display were not readily visible to patrons at the store, and Plaintiff in particular; in permitting said display which was a similar color to the floor to be and/or remain in said location so that it blended in with the floor; in permitting the aforesaid condition to exist even though Defendants knew, or should have known in the exercise of reasonable care and caution, of the aforesaid condition; in failing to properly and/or adequately warn Plaintiff of the aforedescribed condition; in failing to block off or otherwise prevent Plaintiff from walking next to the partially exposed edge of the display; in failing to warn Plaintiff of the partially exposed edge of the display; in permitting Plaintiff to use and pass over the aforesaid area in which the display was located when Defendants had prior knowledge of, and/or should have known in the exercise of reasonable care and caution under the circumstances, that the accident and injuries complained of herein would be likely to occur; in permitting said display to be and/or remain on the floor in an area where patrons of the store, and Plaintiff in particular would be likely to walk and would not have a reasonable opportunity to see the edge of

5

the display before tripping on it; in failing to correct such conditions; in permitting said condition to exist even though Defendants knew, or should have known in the exercise of reasonable care and caution, of said condition; in permitting the aforesaid condition to exist on the aforesaid floor so that Plaintiff would, or would be likely to, trip and fall on said condition; in failing to prevent said condition from existing on said floor; in failing to prevent said condition from existing on said floor even though Defendants, had prior knowledge of, and/or should have known in the exercise of reasonable care and caution under the circumstances, of the likelihood of the occurrence complained of herein taking place; in improperly and/or inadequately preventing the aforementioned occurrence; in placing Plaintiff in imminent danger; in failing to properly and/or adequately supervise and/or oversee the people who placed the display in the aforesaid location in the manner described herein; in creating a dangerous, hazardous, defective and/or unsafe condition by allowing said condition to exist on said floor for an extended period of time before Plaintiff tripped and fell, all without taking the proper and adequate actions to cure or remedy said condition or prevent Plaintiff from walking so close to the edge of said display or to warn Plaintiff of said condition; in failing to cure said dangerous, hazardous, defective and/or unsafe condition; in improperly and/or inadequately curing said dangerous, hazardous, defective and/or unsafe condition; in creating, maintaining and suffering said dangerous, hazardous, defective and/or unsafe condition; in failing to warn Plaintiff of said dangerous, hazardous, defective and/or unsafe condition; in improperly and/or inadequately warning Plaintiff of said dangerous, hazardous, defective and/or unsafe condition; in failing to properly and/or adequately train

6

and/or supervise the employees, agents, contractors and/or servants of the Defendants who knew of, or should have known of in the exercise of reasonable care and caution, and/or who created the existence of said condition; in permitting the aforesaid condition to exist even though Defendants knew, or should have known in the exercise of reasonable care and caution, that patrons of the store would walk through the store looking at the merchandise being displayed and not necessarily be looking directly down at the ground; in failing to prevent the aforementioned occurrence even though Defendants had the means, opportunity and responsibility to do so; in failing to act with that degree of care and caution under the circumstances then and there existing that reasonably prudent institutions, corporations, companies or persons in these Defendants' positions should have; and the Defendants, their owners, agents, contractors, servants and/or employees were otherwise reckless, careless and negligent.

30. By reason of the negligence of the Defendants as hereinbefore alleged, Plaintiff, CHERYL BROWN, was rendered sick, sore, lame and disabled; suffered and still suffers great physical injuries and mental anguish, which, upon information and belief, are lasting and permanent in nature; incurred and continues to incur many and diverse expenses for hospital and medical care and treatment in an effort to cure or alleviate her condition; was prevented from engaging in her usual duties and activities; and was otherwise damaged.

31. Plaintiff, CHERYL BROWN, was injured.

32. Plaintiff, CHERYL BROWN, was seriously injured.

33. Defendants' joint and several liability to Plaintiff is not limited pursuant to CPLR 1601 by reason of the exceptions thereto set forth in CPLR 1602.

7

34. By reason of the negligence of the Defendants as hereinbefore alleged, Plaintiff, CHERYL BROWN, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts that would otherwise have had jurisdiction over this action together with interest thereon and together with the costs and disbursements of this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. In a sum which exceeds the jurisdictional limits of all lower courts that would otherwise have had jurisdiction over this action;

2. Interest, costs and disbursements of this action; and

3. Such other and further relief as this Court may deem just and proper under the circumstances.

DATED: Port Chester, New York
       March 30, 2022

*[signature]*

MARK EDWARD GOLDBERG
Attorney for Plaintiff
130 North Main Street
Port Chester, N.Y. 10573
(914) 690-0800
File No.: 3541

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
COUNTY OF WESTCHESTER ) ss.:

    I, the undersigned attorney admitted to practice in the Courts of the State of New York, states that I am the attorney of record for , the Plaintiff(s) in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that due to Covid-19 I am not located within the same County as Plaintiff. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: correspondence, notes, documents, invoices, books, records and conversations.

    I affirm under the penalties of perjury that the foregoing statements are true.

Dated: Port Chester, New York
       March 30, 2022

                                                MARK EDWARD GOLDBERG

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                    Index No.:
================================================================
CHERYL BROWN,

                    Plaintiff,

        -against-

MARSHALLS OF MA, INC. and THE
TJX COMPANIES, INC.,

                    Defendants,
================================================================
                 SUMMONS and VERIFIED COMPLAINT
================================================================
                       MARK EDWARD GOLDBERG
                       Attorney for Plaintiff
               Office and Post Office Address and Telephone
                        130 North Main Street
                      Port Chester, New York 10573
                           (914) 690-0800
                           File No.: 3541
================================================================
Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the
Courts of New York State, certifies that, upon information and belief and reasonable
inquiry, the contentions contained in the annexed document are not frivolous.
                                    X_____
================================================================
                                    Service of a copy of the within
                                    is hereby admitted.

TO:                                 DATED: ...................20..
Attorney(s) for
================================================================
**PLEASE TAKE NOTICE**

--**NOTICE OF ENTRY**

that the within is a (certified) true copy of a     duly entered in the
office of the clerk of the within named court on                , 200_


--**NOTICE OF SETTLEMENT**

that an order of which the within is a true copy will be presented for
settlement to the **HON.**              one of the judges of the within
named Court, at            on            at 9:30 A.M.

Dated:                          Yours, etc.
                                **MARK EDWARD GOLDBERG**