LAW OFFICE OF RYAN S. GOLDSTEIN, P.L.L.C.
1084 Morris Park Avenue, Second Floor
Bronx, New York 10461
(718) 239-0239
*Attorneys for the Plaintiff*
*CHERYL BROWN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHERYL BROWN,

                                 Plaintiff,

    - against -

                                                   Civ No. 7:22-cv-03600 (CS)

MARSHALL OF MA, INC.,

                                 Defendant,
-----------------------------------------------------------X

## PLAINTIFF'S DEMAND FOR FIRST SET OF INTERROGATORIES

LAW OFFICE OF RYAN S. GOLDSTEIN, P.L.L.C.
1084 Morris Park Avenue, Second Floor
Bronx, New York 10461
(718) 239-0239
*Attorneys for the Plaintiff*
*CHERYL BROWN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHERYL BROWN,

                          Plaintiff,

      - against -

                                                     Civ No. 7:22-cv-03600 (CS)

MARSHALL OF MA, INC.,

                          Defendant,
-----------------------------------------------------------X

**PLEASE TAKE NOTICE THAT**, Plaintiff, CHERYL BROWN ("hereinafter at times collectively referred to as "Plaintiff") by and through their attorneys, Law Office of Ryan S. Goldstein, P.L.L.C., hereby request that Defendant, MARSHALL OF MA, INC., answer fully in writing and under oath the following interrogatories.

## DEFINITIONS AND INSTRUCTIONS

This First Set of Interrogatories is subject to the definitions contained in the Local Rules for the United States Southern District Court of New York, and as provided further herein:

      1.    **DOCUMENT.** The term "document" is to be liberally construed and defined consistently with Rule 34(a), including, without limitation, all original writings of any kind whatsoever and all copies and drafts that, by reason of notes, changes, initials, identification marks or other modifications are not identical in all respects to the original, and all non-identical copies thereof. The

term "document" also includes any and all **communications.** A communication includes without limitation the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and regardless of form.

The term "document" also includes any **electronically memorialized information.** "Electronically memorialized information" means any information, including electronic mail, voice mail, or computer file, created, maintained and/or reviewable by electronic means, whether on or by computer chip, hard disk, floppy diskette, tape, laser device, or other digitally recorded medium, or any similar device.

2. **CONCERNING.** The term "concerning" means relating to, referring to, describing, supporting, evidencing or constituting.

3. **INCLUDING.** The word "including" means including but not limited thereto.

4. **SINGULAR AND PLURALS.** Terms in the plural include the singular and terms in the singular include the plural. For example, reference to "plaintiff' also includes reference to ·"plaintiffs" and reference to "decision'.'· also ....includes reference to "decisions."

5. **COMPLAINT.** The term "Complaint" means the Complaint filed by plaintiff in the Southern District of New York.

6. **IDENTIFY** (with respect to DOCUMENTS). When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

7. **IDENTIFY (with respect to PERSONS).** When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. **PLAINTIFF.** The term "Plaintiff' means CHERYL BROWN.

9. **DEFENDANT.** The term "Defendant" means MARSHALL OF MA, INC.,

10. **TIME PERIOD OF DISCOVERY.** Unless otherwise indicated the time period is from the **two years** prior to the date of the accident of June 9, 2021, through the present date.

11. **PERSON.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

12. **CONNECTIVES.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed.

13. **PRIVILEGE CLAIMS.** Pursuant to Local Rule 26.2, if any claim of privilege is asserted in response to the interrogatories or document requests contained herein, and information or documents are withheld on the basis of such assertion, please set forth the following information:

(a) specifically describe the nature of the privilege claimed or

asserted; and, if the privilege is asserted in connection with a claim or defense governed by State law, the State privilege rule invoked must be expressly described,

and (b) unless divulgence of such information would cause disclosure of the alleged privileged information (1) for documents (i) the type of document, e.g., letter, memorandum,...note; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such information as is sufficient to identify the document for a subpoena, including where appropriate, the author of the document, the addresses, and any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other, and (2) for oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

14. **DOMINION AND CONTROL.** In producing the demanded documents, even though the demands are directed to "you", you must furnish all documents that are in your possession, custody, or control. "Possession, custody or control" includes not only documents in your personal possession but includes documents in the possession of your attorneys, consultants, accountants, investigators, doctors, insurance carriers or representatives, or any other persons or agents whether working for you or on behalf of your

attorneys, consultants, accountants, investigators, **VERIFICATION OF INTERROGATORIES.** If the person who verifies the answers to interrogatories does not have personal knowledge of all of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of the information is documentary, provide a full description, including the location thereof.

15. **DUE DILIGENCE.** If defendants cannot answer any of the following Interrogatories or Demands in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying defendant's inability to answer the remainder and stating whatever information or knowledge defendants have concerning the unanswered portions.

16. **REASONABLE INQUIRY.** Each Interrogatory and Document Request not only calls for information known to plaintiff, but also calls for all information available to defendants through reasonable inquiry, including inquiry of defendants' representatives and agents.

17. **CONTINUING NATURE OF REQUESTS.** These requests are deemed to be continuing in nature so as to require responses in accordance with Fed. R. Civ. P. Rule 26(e). In the event you become aware of, or acquire in your possession, custody or control, additional responsive documents, or information, you should promptly produce such documents for inspection and copying or set forth such information in an amended verified interrogatory

answer.

18.    **REFERENCE TO RECORDS.** Pursuant to Local Rule 33.1, if any interrogatory is answered by reference to records from which the answer may be derived or ascertained, as permitted in Federal Rule of Civil Procedure 33(d):

(a) The specifications of documents to be produced shall be insufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought.

(b) The producing party shall also make available any computerized information or summaries thereof that it either has, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery.

(c) The producing party shall also provide any relevant compilations, abstracts or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise immune from discovery.

(d) Unless otherwise ordered by the court, the documents shall be made available for inspection and copying within ten (10) days after service of the answers to interrogatories' or at a date agreed upon by the parties.

## INTERROGATORIES

1.    Identify each individual defendant believes to have knowledge concerning the allegations and defenses made by Plaintiff in the Complaint as well as the Defendant in its answer.

2. State how the subject accident was caused, in whole or in part, by the negligent conduct of the Plaintiff, as alleged by the Defendant in the Affirmative Defenses of the Defendant's Answer.

3. State specifically how the Plaintiff failed to mitigate her damages, as alleged by the defendants in the Affirmative Defenses of the Defendant's Answer.

4. Identify each person whom Defendant expects to call as an expert witness at trial and identify the following for each:

    (a) the subject matter on which the expert is expected to testify;

    (b) provide a copy of each expert's resume or curriculum vitae;

    (c) the substance of the facts and opinions to which the expert is expected to testify;

    (d) the summary of grounds for each opinion, including the facts or assumed facts on which the person has relied to form the basis for each opinion.

5. Identify all persons, other than expert witnesses, whom defendant expects to call as witnesses at trial and state topic or subject matter of the witnesses' proposed testimony.

6. Set forth each and every statute, rule, regulation, ordinance, procedure, guideline or provision promulgated by the defendants or any federal, state or" local governmental body, agency or association which the defendant claims was violated by the plaintiff.

7. Identify each person who assisted in preparing the answers to these

Interrogatories and identify the source of their knowledge as to the answers.

Dated:   Bronx, New York
         May 31, 2022

                                      **LAW OFFICE OF**
                                      **RYAN S. GOLDSTEIN, PLLC**

                                      Ryan S. Goldstein (RG 5231)
                                      Attorneys for Plaintiff
                                      CHERYL BROWN
                                      1084 Morris Park Avenue, Second Floor
                                      Bronx, New York 10461
                                      (718) 239-0239

To:

**Simmons Jannace DeLuca, LLP**
Attorney for Defendant
43 Corporate Drive
Hauppauge, NY 11788-2048
(631) 873-4888

## CERTIFICATE OF SERVICE

I hereby certify that I made service of the foregoing **Plaintiff's Demand for First Set of Interrogatories** dated **May 31, 2022**, via ECF filing as well as by causing a true and correct copy thereof to be delivered by regular mailing, postage pre-paid, to the following:

**Simmons Jannace DeLuca, LLP**
Attorney for Defendant
43 Corporate Drive
Hauppauge, NY 11788-2048
(631) 873-4888

Dated:   Bronx New York
         May 31, 2022

S/_____
Ryan S. Goldstein (RG 5231)